FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Feb 26, 2025

UNITED STATES DISTRICT COURT
DISTRICT OF WESTERN KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SOOJIN CONOVER, </br>      Plaintiff </br> </br> V. </br> </br> CRAIG GREENBERG, Mayor of the City of Louisville, PAUL HUMPHREY, Chief of the Louisville Metro Police Department, JEREMY J. WRIGHT, individually and as an officer of the Louisville Metro Police Department, </br>      Defendants | CIVIL ACTION FILE NO. 3:25-cv-116-RGJ |

## COMPLAINT

1. Plaintiff, Soojin Conover, is an individual who resides in Boston, Massachusetts.

2. Defendant, Craig Greenberg, is the Mayor of Louisville and this action is brought against him in his official capacity. He is generally charged with supervision of all city departments, including the Louisville Metro Police Department.

3. Defendant, Paul Humphrey, is the Chief of the Louisville Metro Police Department and this action is brought against him in his official capacity. He is generally charged with supervision of all officers and employees of the Louisville Metro Police Department, and he is charged with the responsibility to ensure they have been properly trained and supervised.

4. Defendant, Jeremy J. Wright, is an individual who was employed by the Louisville Metro Police Department on February 27, 2025, at the time of the accident.

## JURISDICTION

5. Jurisdiction in this case is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and Article III, Section 2, Clause 1 of the U.S. Constitution, and relief is requested pursuant to said statutes.

## VENUE

6. Venue is proper in this court, pursuant to 28 USC §1391(b) (1)-(2), in that this is an action involving individuals located in Louisville and an incident that occurred in Louisville.

## CAUSE OF ACTION

7. On or about 2-27-2022, the Plaintiff was lawfully walking in or near a pedestrian crosswalk located in Louisville, Kentucky

8. At the same time, Defendant, Jeremy J. Wright, while operating a marked LMPD police vehicle, negligently and recklessly struck the Plaintiff with his vehicle, in violation of Ky. Rev. Stat. § 189.290, which requires an operator of a vehicle to drive carefully.

9. Defendant, Jeremy J. Wright, was driving at an unsafe speed, failed to yield to a pedestrian, and/or failed to maintain proper control over the police vehicle in violation of Ky. Rev. Stat. § 189.570(6), which requires drivers to exercise due care to avoid colliding with pedestrians.

10. As a result of this incident the Plaintiff sustained serious injuries, was required to undergo medical treatment for a prolonged period of time, and prevented her from engaging in a number the activities that were previously part of her life.

11. As a result of this incident the Plaintiff has suffered ongoing physical pain, emotional distress, and other damages as a direct result of Defendant's conduct.

## Count I – Negligence

12. The Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

13. Defendant Wright had a duty to exercise reasonable care in the operation of his police vehicle, including adhering to KRS § 189.570(6) and general traffic safety laws, and he breached this duty by operating his police vehicle negligently and recklessly, resulting in serious harm to Plaintiff.

14. Defendant Wright is responsible for his actions and the Defendant City of Louisville and the Louisville Metro Police Department are liable for Defendant Wright's negligence under the doctrine of Respondeat Superior and municipal liability principles.

## Count II – 42 U.S.C. § 1983 – 14th Amendment Due Process Violation

15. Defendant Wright, while acting under color of state law, engaged in conduct that was reckless, shocking to the conscience, and deliberately indifferent to Plaintiff's safety, in violation of the Fourteenth Amendment's substantive due process clause.

16. The reckless operation of a police vehicle in a manner that creates an unreasonable risk of serious harm to civilians is a constitutional violation under 42 U.S.C. § 1983.

17. As a direct result of this constitutional violation, Plaintiff suffered severe injuries and damages.

## Count III – Monell Liability pursuant to 42 U.S.C. § 1983

18. Defendant, City of Louisville, through its customs, policies, and practices, exhibited deliberate indifference to the improper training, supervision, and discipline of Louisville Metro Police Department officers in the operation of police vehicles.

19. Defendant, City of Louisville, through its customs, policies, and practices, exhibited deliberate indifference to the improper training, supervision, and discipline of Louisville Metro Police Department officers in the operation of police vehicles.

20. Defendant, City of Louisville, failed to implement proper training programs to prevent reckless driving by officers and pedestrian-related collisions, which proximately caused Plaintiff's injuries.

21. As a result of these unconstitutional policies and failures, Plaintiff suffered physical, emotional, and economic damages.

PRAYER

20. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff prays for judgment against Defendants as follows:

(a) Compensatory damages for pain and suffering, medical expenses, lost wages, and other actual damages;

(b) Declaratory relief stating that Defendants' actions violated Plaintiff's constitutional rights;

(c) Punitive damages against Defendant Wright for reckless disregard of Plaintiff's rights;

(d) Injunctive relief requiring Defendant, Louisville Metro Police Department, to reform its training policies on safe vehicle operation;

(e) Awarding Petitioners reasonable attorney's fees; and

(f) Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

<u>/s/ Desmond P. FitzGerald</u>
Desmond P. FitzGerald
FitzGerald Law Company
185 Devonshire Street, Suite 601
Boston, Massachusetts 02110
Telephone 617-523-6320
Facsimile 617-523-6324
dfitzgerald@fitzgeraldlawcompany.com
MA BBO No. 634881