UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SOOJIN CONOVER                                                                                           Plaintiff

v.                                                                                  Civil Action No. 3:25-cv-116-RGJ

CRAIG GREENBERG, ET AL.                                                                              Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Defendants Craig Greenberg ("Greenberg"), Paul Humphrey ("Humphrey"), and Jeremy Wright's ("Wright") (collectively "Defendants") partial motion to dismiss Plaintiff Soojin Conover's ("Conover") claims against them. [DE 18]. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

I.      BACKGROUND

Conover alleges that on February 27, 2022, she was walking in a pedestrian crosswalk in Louisville, Kentucky when Wright, an employee of the Louisville Metro Police Department ("LMPD"), negligently and recklessly struck her in a marked LMPD vehicle. [DE 1 at 2]. Conover asserts the following causes of action arising out of this incident: (I) Negligence; (II) 42 U.S.C. § 1983 due process violation against Wright; and (III) § 1983 *Monell* liability against the City of Louisville ("City") by way of Louisville Mayor Greenberg and Chief of Police Humphrey. [*Id.* at 2–3].

On June 23, 2025, Defendants moved to dismiss Counts II and III against them. [DE 18].[1] Conover failed to respond to the motion to dismiss. On October 24, 2025, the parties participated in a scheduling conference, after which the Court issued a scheduling order. [DE 22].

---

[1] Defendants do not seek dismissal of Count I and instead filed an answer with respect to that claim [DE 17].

1

## II. STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Dismissal under Rule 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

Because a motion to dismiss challenges the sufficiency of the pleadings, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, to determine whether the plaintiff set forth a "plausible" claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

It is well settled law that a plaintiff waives her claim by failing to respond to or refute arguments made by the defendant in a motion to dismiss and "the Court assumes he concedes this point and abandons the claim." *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010); *see also Exch. Facilitator Co.,* 531 F. App'x. 567 (6th Cir. 2013) (recognizing that the plaintiff had waived claim by failing to respond to or refute arguments made by the defendants in the district court); *Allstate Ins. Co. v. Global Med. Billing, Inc.,* 520 F. App'x. 409, 412 (6th Cir.2013) (same); *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)) (internal quotation marks omitted); *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021); *PNC Bank, Nat. Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (dismissing claims that the plaintiffs failed to respond to in opposition to motion to dismiss, noting that "[a] plaintiff abandons undefended claims."). Thus, "[f]ailure to respond to a dispositive motion will be grounds for granting the motion." *Williams v. PBI Bank*, No. 3:13-cv-1166-DJH-CHL, 2017 WL 6940699 at *1, (W.D. Ky. Feb. 28, 2017) (citations omitted).

### III.    DISCUSSION

Conover participated in the Court's scheduling conference and in a Rule 26(f) planning meeting with opposing counsel, yet did not respond to the Defendants' motion to dismiss. In the joint report of Rule 26(f) planning meeting, the parties acknowledge that "Plaintiff has not opposed

the dismissal [of Counts II and III], and the time to do so has expired." [DE 21 at 78]. Accordingly, Conover has abandoned Counts I and II of her complaint, and her failure to respond to Defendants' motion to dismiss within the allotted time period warrants dismissal of those claims.

Moreover, dismissal is warranted even if the Court examines the merits of Conover's claims. First, Conover fails to allege a plausible § 1983 claim against Wright. "To establish liability under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.1994)). To assert a substantive due process violation under § 1983, as Conover does here, a plaintiff must plausibly allege that the defendant's actions "shock[] the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Because the "Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States,'" liability for negligence is "categorically beneath the threshold of constitutional due process." *Id.* at 848–89 (quoting *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

The factual allegations in Conover's complaint indicate mere negligence by Wright and thus do not "shock the conscience" and rise to the level of a constitutional violation. The complaint alleges that Wright "was driving at an unsafe speed, failed to yield to a pedestrian, and/or failed to maintain proper control over the police vehicle," and thus did not "exercise due care." [DE 1 at 2]. These allegations do not plausibly exceed mere negligence and thus are "categorically beneath the threshold of constitutional due process." *Lewis*, 523 U.S. at 849. While Conover asserts that Wright "negligently *and recklessly*" struck her, [DE 1 at 2], even viewing the facts in a light most favorable to her, she alleges no facts that give rise to a plausible inference of recklessness. Moreover, while

4

"[c]onduct that is more akin to recklessness . . . such as deliberate indifference" may rise to the level "conscience-shocking behavior," whether such conduct rises to that level depends on "whether the circumstances allowed the state actors time to fully consider the potential consequences of their conduct." *Range v. Douglas*, 763 F.3d 573, 590 (6th Cir. 2014). That is, whether reckless conduct rises to the level of a constitutional violation depends in large part on whether the official had time to appreciate the risk of harm. *Id.* Here, Conover alleges no facts plausibly indicating that Wright had time to assess the risk of harm; she merely asserts that he was speeding and failed to yield to a pedestrian. *See Durham v. Est. of Losleben By & Through Tatum*, 744 F. App'x 268, 270, 272 (6th Cir. 2018) (finding that plaintiff's complaint failed to "state facts sufficient to prove that [defendant firetruck driver] did more than speed and enter [the deceased's] lane," and an allegation of driving at an "excessive speed" was not enough to infer a "conscience-shocking speed"). In short, the minimal facts alleged in the complaint are insufficient to support a plausible claim that Wright's actions shock the conscience and rise to the level of a Fourteenth Amendment violation.

Conover has also failed to allege a plausible municipal liability claim under § 1983. It is firmly established that a municipality cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Rather, a plaintiff must show that "the municipal entity is responsible for [the constitutional] deprivation." *Baynes v. Cleveland*, 799 F.3d 600, 620 (6th Cir. 2015). A plaintiff can make such a showing by pointing to an "official policy or custom [that] actually serves to deprive an individual of his or her constitutional rights." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006). The plaintiff must also show that her "particular injury was incurred *because of* the execution of that policy." *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)

(quoting *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 508 (6th Cir. 1996)); *see also Fair v. Franklin Cnty., Ohio*, 215 F.3d 1325 (6th Cir. 2000) (unpublished table decision) ("*Monell* requires that a plaintiff identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.") (internal quotation marks omitted).

Conover has failed to allege any facts demonstrating that the City of Louisville maintained an official policy or training program that deprived her of her constitutional rights. Rather, Conover's complaint makes the conclusory allegation that the City "exhibited deliberate indifference to the improper training, supervision, and discipline" of LMPD officers through the City's "customs, policies, and practices." [DE 1 at 3]. Given that Conover does not allege facts as to what those policies or customs entailed, these "bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). As Defendants correctly note, Conover "has not alleged that the Louisville Metropolitan Police Department . . . somehow trains its officers to believe they are allowed to hit pedestrians, or even that the officers are not trained to follow generally applicable laws that govern the operation of a motor vehicle." [DE 18-1 at 69]. Conover cannot survive a motion to dismiss on such threadbare allegations; she must allege facts that raise a reasonable inference that the Defendant is liable for the misconduct alleged; that is, that the City consciously "chose a training program which would prove inadequate." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Conover merely states that the City had a policy under which it failed to train officers without alleging any facts about the policy itself to support that legal conclusion. Similarly, Conover alleges that the City failed to supervise and discipline its officers, but fails to allege any

"widespread pattern of constitutional violations" such that the City's inaction would amount to deliberate indifference. *Doe*, 103 F.3d at 513.

Finally, Conover does not allege facts that connect the City's policy to the particular injury she suffered. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ("[T]o satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and *show that the particular injury was incurred because of the execution of that policy*." (emphasis added) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir.1987)). Thus, even construing the complaint in Conover's favor and accepting all factual allegations as true, Conover has not sufficiently pled § 1983 *Monell* liability.

As a result of both Conover's failure to respond to the motion to dismiss and failure to plead sufficient facts to establish a plausible claim for relief, the Court will grant Defendants' motion to dismiss Counts II and III of the complaint.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Counts II and III of Conover's complaint [DE 18] is **GRANTED**.

*[Signature]*
Rebecca Grady Jennings, District Judge
United States District Court

November 17, 2025